774 F.2d 863
 Philip Martin TIERNEY, Appellant,
v.
Dr. Lee Roy BLACK, Director of Department of Corrections and
Human Resources, Dick Moore, Chairman of Board of
Probation and Parole, Appellees.
 No. 84-2658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 27, 1985.
Decided Sept. 27, 1985.
 
 Philip Martin Tierney, pro se.
 David C. Mason, Asst. Atty. Gen., Jefferson City, Mo., for appellees.
 Before HEANEY, Circuit Judge, J. SMITH HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Philip Martin Tierney appeals pro se from the district court's order granting the appellees' motion for summary judgment. Tierney contends that the district court erred in concluding that his 42 U.S.C. Sec. 1983 action, challenging the discontinuation of Missouri's release program involving recommendations to the Governor for commutation of sentences, was identical to Tyler v. Black, No. 82-4383-CV-C(5) (W.D.Mo.1983), aff'd, 754 F.2d 378 (8th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985), and therefore required no further consideration. Although a majority of Tierney's claims are identical to those raised in Tyler v. Black, it appears that in some respects, Tierney's situation is factually different than the plaintiffs' in Tyler v. Black, and, accordingly, we believe the district court erred in granting summary judgment.
 
 
 2
 In November, 1974, Tierney pled guilty to three counts of armed robbery, for which he was given three consecutive ten-year sentences. The parole guidelines in effect at that time provided for two types of "good time" for Missouri inmates. The first was known as " 9/12th time" and was specifically authorized by statute. It directed the unconditioned release of an inmate whose conduct had been "orderly and peaceable" without "any infraction of the rules or laws of the institution recorded against him." Mo.Rev.Stat. Sec. 216.355 (1969) (repealed effective January 1, 1979). The second, contained in Rule 20-117.060 of the Department's "Inmate Rules" provided:
 
 
 3
 Any person who shall serve 7/12th of the time he/she was sentenced to serve in an orderly and peaceful manner without a serious violation, as later defined, will be eligible for consideration for release by commutation on that date.
 
 
 4
 In accordance with this rule, prison officials established a program for recommending eligible prisoners to the governor for unconditional release. The program was expanded on June 1, 1981, to include some inmates convicted of nonviolent crimes who had served 6/12th of their sentence. This grant of nonstatutory good time was a form of commutation under the governor's power to grant pardons and commutations, and was "a matter of grace resting purely within the discretion of the governor." Parrish v. Wyrick, 589 S.W.2d 74, 79 (Mo.Ct.App.1979). In December, 1982, the governor discontinued this program.
 
 
 5
 The majority of Tierney's complaint is directed to the ex post facto and due process issues raised by the discontinuance of this commutation program. Because these issues are identical to those raised in Tyler v. Black, they require no further consideration. However, Tierney raises a due process issue not addressed in Tyler v. Black,[1] which may be meritorious.
 
 
 6
 Tierney alleges that the first of his three ten-year sentences was commuted after serving 70 months, 7/12ths of his first sentence, and he was declared eligible for the 6/12th release program on the two remaining ten-year sentences. He contends that the governor and the Department of Corrections had approved him for the 6/12th program on his remaining sentences and had officially entered this approval into his institutional file. In support of these contentions, Tierney states that he worked in the Institutional Mail Room, and in the Fire and Safety Department, which is located outside the perimeter fence, and was given outside clearance to help pick up groceries in St. Louis. He argues that these privileges were given to him because he had less than seven years remaining on his sentences, based on his having been given a 6/12th release date.
 
 
 7
 Tierney further contends that on December 17, 1982, he was notified that he was no longer eligible for the 6/12th program, and because he was serving consecutive sentences, he would have to serve 9/12th of his second sentence before it would be completed. He alleges that after he was told he no longer qualified for the 6/12th program, his work privileges were revoked. He argues that he had a vested right to be released on his 6/12th date, and that this right was taken from him without due process.
 
 
 8
 In Parrish v. Wyrick, 589 S.W.2d 74 (Mo.Ct.App.1979), the Missouri Court of Appeals held that "subsequent changes [in the parole guidelines] should not be permitted to operate so as to destroy a right which petitioner claims to have fully vested." Id. at 76. Moreover, the court stated that "[a] commutation of sentence implies a present release from or modification of the sentence." Id. at 79 (emphasis added). If Tierney's commutation of sentence had been approved by the governor and the Department of Corrections, and officially entered into his institutional file, it may have constituted a present modification of his sentence, and he may have a vested right in being released after serving 6/12ths of the remaining sentence. If prison officials did in fact, as Tierney alleges, approve Tierney for the 6/12th program, the circumstances may be such that a vested protectible right was created. Id. at 76. We do not speculate as to the content of Tierney's prison file. Rather, we hold that the due process aspect of the case was not fully developed. Accordingly, we reverse the district court's order with respect to Tierney's due process argument, affirm the district court's order with respect to Tierney's remaining arguments, and remand for further proceedings consistent with this opinion.
 
 
 
 [1]
 In Tyler v. Black, this Court, by affirming the district court's opinion, rejected the plaintiff's due process argument because the Governor of Missouri had "unfettered discretion" with regard to his commutation power, and therefore the plaintiffs had no legitimate expectation in having their sentences commuted