972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John KITCHELL, Appellant,
v.
Michael GROOSE; William L. Webster, Appellees.
 No. 91-3816.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 24, 1992.
Filed: July 31, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Kitchell, a Missouri inmate, appeals from the District Court's[1] dismissal of his 28 U.S.C. § 2254 habeas petition. We affirm.
 
 
 2
 Kitchell argues that he was deprived of his "7/12ths" release date without due process when the 7/12ths program was discontinued in 1982. Under that program, an inmate who had served 7/12ths of his sentence was eligible to have his sentence commuted by the governor upon the recommendation of correction officials. Kitchell also argues that he was deprived without due process of nonstatutory "merit time" and "blood time" credits when these programs were eliminated in 1979.
 
 
 3
 We conclude that the District Court properly dismissed Kitchell's petition. Kitchell's expectancy of release on his 7/12ths date does not rise to the level of a protected liberty interest. "Missouri law is clear that commutation of sentence under the 6/12 or 7/12 program was purely within the discretion of the governor." Love v. Black, 597 F. Supp. 1092, 1095 (E.D. Mo. 1984). Further, "[i]n terms of the Due Process Clause, a ... felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981) (footnote omitted). We note that Kitchell's situation is factually distinguishable from that in Tierney v. Black, 774 F.2d 863, 865 (8th Cir. 1985) (where inmate has fully vested right to commutation, subsequent deprivation of right may violate due process); unlike Kitchell, Tierney alleged that the governor had approved his commutation.
 
 
 4
 We also conclude that the forfeiture of the non-statutory merit time and blood time credits, which would have affected the discretionary commutation decision, did not violate due process. See Love, 597 F. Supp. at 1095 (merit time under old system mere criterion for recommending sentence commutation to governor). Finally, we deny appellees' request to quash the certificate of probable cause.
 
 
 5
 The decision of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri